Per curiam.

Nott, J.,
delivered the opinion. The distinction has been long settled between negotiable and non-negotiable in. struments. This distinction is a matter of substance, and not of mere form. The act must be conformed to, if any other than the original payee sues on a non-negotiable instrument in his own name. If he does not bring himself strictly within the act, he must proceed as at common law.
*477 As to what has been urged on the ground of equity, it is sufficient to say, that, taking it for granted that the District Court, in the exercise of its summary jurisdiction, on petition and process, may decide according to the rules which prevail in Courts of Equity, ' yet it will not follow that this decree ought to stand. A Court of Equity would not be authorised to disregard the directions of an act of assembly, and change the law. Equity ought to follow the law, and not proceed in contradiction to the law. Besides, to give a Court of Equity jurisdiction, there must be some equitable matter brought into, the view of the court. • No equitable matter existed in this case. The plaintiff had a complete and adequate legal remedy, which he did not think proper to pursue. As to doing arbitrary justice, or deciding according to the equity of this particular case, or any other, it is a rule of conduct which ought not to govern any court. It is dangerous and mischievous. How is it known that justice h.as been done in this case. Possibly the defendant, relying on his legal technical defence, which is clearly sufficient, took no pains to bring any other defence to the view of the court, although he may have had other sufficient legal and equitable grounds of de-fence.